UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM M. HILL, #153219,<br>    Plaintiff,<br><br>-v-<br><br>DONNA HOUTZ,<br>    Defendant.<br>_____ | No. 1:14-cv-76<br><br>HONORABLE PAUL L. MALONEY |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff William Hill, a prisoner under the control of the Michigan Department of Corrections, filed a *pro se* § 1983 complaint against Donna Houtz, a prison guard who is the only remaining defendant in this matter. The complaint alleges that Defendant (1) retaliated against Plaintiff in violation of his First Amendment rights by filing a major misconduct charge against him, and (2) violated his rights under the Fourteenth Amendment's due process clause through a cell assignment. Defendant filed a motion for summary judgment based on Hill's failure to exhaust administrative remedies. (ECF No. 21.) The magistrate judge issued a Report and Recommendation (R&R) on December 15, 2014 that recommends granting Defendant's motion for summary judgment. (ECF No. 34.) The R&R found that Hill's claims against Houtz in her official capacity are barred by the Eleventh Amendment and his claims against Houtz in her individual capacity are barred by the affirmative defense found in 42 U.S.C. § 1997e(a) because Hill failed to exhaust his administrative remedies prior to bringing suit.

This matter is before the Court on Plaintiff's objections to the R&R. (ECF No. 38.) In his objections, Hill asserts that he has brought claims against Houtz in her individual capacity only, not her official capacity. Hill also asserts that the magistrate judge erroneously stated that Hill had not

responded to the motion for summary judgment and that Hill had not pursued any grievances against Houtz. Finally, Hill argues that the Court should not dismiss his claims based on the technicalities of the grievance procedure.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Defendant's first objection is well taken. The record does not reflect any claims brought against Houtz in her official capacity. Thus, the section of the R&R that addresses Eleventh Amendment immunity will be stricken as unnecessary. However, the Court finds the remainder of the Report and Recommendation accurately states the applicable facts and correctly applies the relevant law. First, the R&R clearly states "Plaintiff has filed his response. (docket # 27)." (ECF No. 34, at PgID #218.) Thus, the magistrate judge knew a response had been filed and considered Hill's

2

arguments therein. Second, the R&R does not state that Plaintiff failed to *pursue* any grievances against Defendant. Rather, the R&R states that Plaintiff failed to *properly exhaust* any claim against Defendant Houtz. The proposed findings of fact accurately reflect that Plaintiff pursued six grievances against Houtz, while three others did not involve Houtz. Although it is undisputed that Plaintiff filed those six grievances, the magistrate judge found that the final decisions on four grievances were completed after Hill filed this lawsuit and two were based on events years ago that are unrelated to the allegations in Hill's complaint.

Finally, Plaintiff's arguments concerning his failure to exhaust his administrative remedies are unavailing. The case law cited by Plaintiff is plainly distinguishable. Most of the cases cited deal with the requirements for the *content* of a grievance, not the exhaustion of the procedure. The others involved inmates who fully complied with the jail or prison's grievance policies or corrections officers who failed to comply with their own procedures–neither of which occurred in this case. The Court finds, after a de novo review of the magistrate's recommendation on this point, that there is no error in the R&R. Plaintiff's objections do not establish otherwise.

For the above reasons, Defendant's objections (ECF No. 38) are **OVERRULED IN PART** and the magistrate judge's order (ECF No. 34) is **MODIFIED** and **ADOPTED** as the opinion of this Court. Defendants' motion for summary judgment (ECF No. 21) is **GRANTED**. Plaintiff's complaint is **DISMISSED**.

**IT IS SO ORDERED.**

Date: February 27, 2015                    /s/ Paul L. Maloney
                                           Paul L. Maloney
                                           Chief United States District Judge